**Sandra LEWIS, Plaintiff—Appellant,**

v.

**Larry G. MASSANARI, Commissioner,\* Defendant—Appellee.**

No. 00–35339.

D.C. No. CV–98–00093–LBE.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2001 **.

Decided Nov. 20, 2001.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,\*\*\* Senior District Judge.

MEMORANDUM \*\*\*\*

Sandra Lewis appeals a district court judgment affirming a decision of the Social Security Administration holding that she was no longer eligible for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423(a). We review for substantial evidence, *see Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 575–76 (9th Cir. 1988), and affirm.

* Larry G. Massanari is substituted for his predecessor, Kenneth S. Apfel, as Commissioner of Social Security. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition. Lewis initially received disability benefits after her left arm was amputated below the elbow as the result of an industrial accident and she suffered from an affective disorder. However, an Administrative Law Judge (ALJ) later found that she was no longer disabled because her medical impairments had improved, and he terminated her benefits. *See* 42 U.S.C. § 423(d)(1)(A). The Appeals Council of the Social Security Administration denied review, and Lewis appealed. The district court found that substantial evidence supported the findings of improvement in Lewis' medical impairments. The court further described the testimony of a vocational expert (VE) who testified at the administrative hearing. The VE stated that, even if all of Lewis' medical complaints were true,[1] she could still successfully perform certain jobs in the national economy, such as rental car clerk or receptionist. The district court concluded that, because the VE's testimony indicated that Lewis could become gainfully employed in spite of her ailments, substantial evidence supported the ALJ's decision to terminate her benefits. We agree with the district court's analysis, and we affirm.

AFFIRMED.

---

1. Lewis complained of frequent headaches, depression, and significant pain and cramping in her right arm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.